UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT J. THENO,

        Plaintiff,

  v.

Case No. 24-cv-1513-pp

JAQUELINE JESS RUBEMEYER,
F. DENNIS ALERDING
and JUDGE JOSEPH M. HOOD,

        Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL (DKT. NO. 6)

---

      On November 21, 2024, the plaintiff—who is representing himself—filed a complaint alleging that multiple defendants, including two attorneys and a federal judge, caused him to be falsely convicted of a crime. Dkt. No. 1. On January 31, 2025, the court screened the complaint and dismissed the case for failure to state a claim upon which a federal court can grant relief. Dkt. No. 3. The clerk entered judgment that same day. Dkt. No. 4. Thirty-four days later, on March 6, 2025, the plaintiff filed a motion for an extension of time to file an appeal. Dkt. No. 6. He states that he was very ill for the prior three weeks and could not work on his appeal. Id.

      The plaintiff needed to file his notice of appeal within thirty days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(A). The court may extend that deadline if a party requests an extension no later than thirty days after deadline to appeal and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. Fed. R. App. P. 4(a)(5)(A).

1

Thirty days from January 31, 2025 was March 2, 2025. But because March 2, 2025 was a Sunday, the plaintiff would have had until the next business day—March 3, 2025—by which to file his appeal. Fed. R. App. P. 26(a)(1). That means the plaintiff had thirty more days from that date—until April 2, 2025—to request an extension of time to appeal. The court received the plaintiff's extension request on March 6, so it is timely.

The court next must determine whether the plaintiff has shown good cause or excusable neglect. The plaintiff says that he was ill for three weeks and could not work on his appeal. A serious illness can constitute good cause for a delay in filing a notice of appeal. See Jaburek v. Foxx, 813 F.3d 626, 630 (7th Cir. 2016) (affirming that counsel's diagnosis with gout constituted good cause for an extension of time to appeal). The court will grant the plaintiff's motion for an extension of time to appeal.

The plaintiff asked for thirty more days to file his appeal. But the court can grant an extension of only "30 days after the prescribed time [to appeal] or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). That means at most, the court can extend the plaintiff's deadline for appealing to **April 2, 2025**.

The court **GRANTS** the plaintiff's motion for an extension of time to appeal. Dkt. No. 6. The court **ORDERS** that the plaintiff must file his notice of appeal *no later than* **April 2, 2025**.

Dated in Milwaukee, Wisconsin this 12th day of March, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**